UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WILLIAMS,

     Plaintiff,

v.                                Case No. 8:18-cv-1125-T-23CPT

RICHARD NUGENT, *et al.,*

     Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u>

This matter is before me on the following motions: (1) Plaintiff James Williams' *Application to Proceed in District Court Without Prepaying Fees or Costs* (Application), which I construe as a motion to proceed *in forma pauperis* (Doc. 2); (2) *Williams' Motion for Change of Venue and Transfer of Court File* (Doc. 3); and (3) *Williams' [Second] Motion for Change of Venue* (Doc. 6).  In conjunction with these motions, I have also reviewed Williams' *Complaint for a Civil Case* (Complaint).  (Doc. 1).

For the reasons discussed below, I recommend that the Court deny Williams' Application, dismiss his Complaint with leave to file an amended complaint, and deny his motions for change of venue.

## BACKGROUND

The claims levied by Williams center around allegations of discrimination by his former employers as well as fraud and collusion with "big business" and the government. *See* (Doc. 1). Williams, a resident of Spring Hill, Florida, sues ten Defendants identified as: Richard Nugent, Former Representative and Former Police Chief; Richard Condray, CFPB Director; Manuel Zurita, Former EEOC Director; Patricia Sutton, Regulatory Specialist I; Leslie Grove III, Area Director of OSHA; the Hernando County Sheriff Department; Stanley Wood, GM of Walmart; Davey Tree Expert Service; Eckerd Youth Challenge Family Program; and Robert Chadwick, Attorney and Counselors at Law. *Id.* at 2-4. Asserting federal question jurisdiction, Williams brings this suit under Title VII of the Civil Rights Act of 1964; 42 U.S.C. 1981; the Fair Labor Standards Act; the Americans with Disabilities Act; the Age Discrimination [Act] of 1967; the Occupational Safety and Health Act of 1970; and the Rehabilitation Act of 1973. *Id.* at 5.

While the exact nature of his claims is difficult to discern, it appears that Williams alleges a years-long conspiracy by his former employers, assorted federal, state, and local authorities, and his former attorney to discriminate against him and other minorities in the workplace. *See generally* (Doc. 1 at 6, 8-43). In support of his allegations, he outlines several incidents which he asserts provide evidence of the Defendants' discriminatory actions. *Id.* at 8-43. These various incidents are difficult to summarize, but appear to include an EEOC charge against his former employer, Davey Tree Expert, which he filed in November 2008 and for which he received a Notice of Right to Sue on June 24, 2010, *id.* at 8-10; unlawful actions by the Hernando County Sheriff's Department relating to his

2

son's arrest and prosecution in 2013, *id.* at 11-15; allegations of discrimination by the "government" and claims that he was forced to work in an unsafe environment, *id.* at 16-18; another EEOC charge against his former employer Walmart and claims that Walmart is now targeting his son, *id.* at 19-23; allegations that his former attorney, Robert Chadwick, breached their contract, interfered with Williams' ability to advance his case, and was "bought off," presumably by the government, *id.* at 24; worker's compensation and racial discrimination claims against AHCA Health Care of Florida, *id.* at 25; claims of OSHA violations against Walmart and ProPak Logistics, *id.* at 26; and an incident involving another former employer, Eckerd Youth Challenge Program, in which Williams was accused of failing to document an alleged assault and for which it appears he was terminated, *id.* at 27-31.

As for relief, Williams seeks future expenses due to a medical condition "created by the defendants over a 13 year period;" damages for mental anguish and distress; as well as compensatory and punitive damages. *Id.* at 38-42.

In his Complaint and in two subsequent motions, Williams requests that the Court transfer his case to another venue because he does not feel he can receive justice in this forum. *Id.* at 43. In his first change-of-venue motion, he seeks a transfer of the case to Atlanta, Georgia, due to the ongoing discrimination, retaliation, and collusion by actors in Hernando County. (Doc. 3). In his second change-of-venue motion, he asks that the case be transferred to Jacksonville, Florida. (Doc. 6).[1] Williams supplemented

---

[1] Also pending is Williams' construed motion for a subpoena to be served on Defendant Richard Nugent. (Doc. 9). The Court will address that motion by separate order.

3

his second transfer motion on June 7, 2018, with "supporting evidence" of the alleged discriminatory practices.  (Doc. 7).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit.  28 U.S.C. § 1915(a)(1).

When an application to proceed *in forma pauperis* is filed, the district court must also review the case and dismiss the complaint *sua sponte* if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

A claim is deemed frivolous under section 1915 if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citation omitted).  The court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.*

Dismissal for failure to state a claim under section 1915 is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (quoting *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Dismissal is appropriate if the facts, as pleaded, fail to state a claim for relief that is "'plausible on its face.'"  *Gates v. Khokhar*, 884 F.3d 1290,

4

1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is plausible on its face when there is a "'reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.*  The plausibility standard asks for "'more than a sheer possibility that a defendant has acted unlawfully.'"  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678)*.*  In evaluating a plaintiff's complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.  *Iqbal*, 556 U.S. at 678; *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP,* 634 F.3d 1352, 1359 (11th Cir. 2011).  The court, however, affords "no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action."  *Franklin*, 738 F.3d at 1248 n.1 (citations omitted).

In reviewing a complaint under section 1915, the court should be mindful that *pro se* pleadings are to be construed liberally.  That said, courts are not to serve as *de facto* counsel for *pro se* litigants, nor are they to "'rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

While it appears from Williams' Application that he qualifies as indigent, his Complaint should be dismissed pursuant to section 1915(e)(2)(B) because it is frivolous and fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure.

## I.     Plaintiff's Complaint Fails to Comply with the Minimal Pleading Requirements of the Federal Rules of Civil Procedure

"The bare minimum a plaintiff must set forth in the complaint is found in" Rule 8 of the Federal Rules of Civil Procedure.  *Hunter v. Woods*, 2017 WL 6610889, at *1 (M.D. Fla. Nov. 3, 2017).  Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted); *see also Franklin*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). Rules 8 and 10 further provide that the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and that the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

The Complaint here is the antithesis of a short and plain statement of the claim showing that Williams is entitled to relief.  Even construed liberally, the allegations in the Complaint fail to support cognizable causes of action with relevant factual allegations consistent with the requirements of Federal Rules of Civil Procedure 8 and 10.  The Complaint does not include "short and plain" statements of the Plaintiff's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances."  As such, it is an impermissible shotgun pleading.  *See Weiland v. Palm*

*Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that violates "either Rule 8(a)(2) or Rule 10(b), or both").

Furthermore, the allegations simply are insufficient to ascertain the nature of Williams' claims.  The meandering and at times incoherent "statement of claim" is difficult to follow and nearly impossible to decipher.  By my reading, aside from some vague conspiratorial allegations, the Plaintiff has failed to identify the purported illegal actions taken by each Defendant.  Accordingly, it does not provide the Defendants with fair notice of the claims at issue and the grounds upon which those claims are predicated.

## II.    The Complaint is Also Subject to Dismissal on Frivolity Grounds

In addition to these pleading deficiencies, the Complaint is frivolous and, in fact, appears to be a reincarnation of several prior claims that have already been adjudicated.

A district court's *sua sponte* dismissal for frivolity is reviewed for abuse of discretion.  *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001).  A finding of factual frivolousness is appropriate when the facts alleged are "clearly baseless," describing "fantastic" or "delusional" scenarios, or "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations omitted); *see also Neitzke*, 490 U.S. at 325.

The allegations presented in the Plaintiff's Complaint allege a vast conspiracy involving fraud and collusion among various private and public actors to discriminate against Williams and his family in an effort to deprive him of his employment, livelihood, and health.  The allegations appear to be baseless, fanciful, delusional, without an arguable basis either in law or in fact, and even "rise to the level of the

7

irrational or the wholly incredible," thereby rendering the allegations frivolous for purposes of 28 U.S.C. § 1915(e)(2).  *See Denton*, 504 U.S. at 32-33; *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (holding that district court did not abuse its discretion in dismissing complaint as frivolous where it presented a far-fetched scenario based on assertions of a massive conspiracy to monitor the plaintiff which was clearly baseless).

Furthermore, it appears that this is not the first time Williams has attempted to make similar claims against certain of the named defendants.  Indeed, the Plaintiff has unsuccessfully pursued discrimination claims against the Eckerd Youth Challenge Program, Walmart, and Davey Tree Service.  *See Williams v. Eckerd Youth Challenge Program*, No. 8:10-cv-452-T-33TBM (defendant Eckerd Youth Challenge Program voluntarily dismissed on defendant's motion; second amended complaint alleging unlawful employment practices against Eckerd Youth Alternative, Inc., involuntarily dismissed and judgment entered in favor of Eckerd Youth Alternative, Inc.); *Williams v. Walmart*, No. 8:10-cv-1361-T-26AEP (employment discrimination claim dismissed and judgment entered in Walmart's favor); *Williams v. Davey Tree Service*, No. 8:10-cv-2303-T-30TBM (motion for summary judgment granted in defendant's favor on plaintiff's discrimination claim).  Because Williams' discrimination claims against these three defendants have already been litigated, his efforts to reassert them here appear frivolous and should not be permitted.

8

III.    **The Complaint Should be Dismissed Without Prejudice**

In evaluating whether to recommend that Williams' Complaint be dismissed with
or without prejudice, I am mindful that a litigant typically must be given at least one
chance to amend his complaint before the court dismisses the action. *Langlois v. Traveler's
Ins. Co.*, 401 F. App'x 425, 426 (11th Cir. 2010) (quoting *Corsello v. Lincare, Inc.,* 428 F.3d
1008, 1014 (11th Cir. 2005)).  "A district court need not, however, allow an amendment
. . . where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir.
2001) (citation omitted).  While I question whether, on the facts alleged, Williams can
state any claim upon which relief can be granted, in an abundance of caution and
because he is proceeding *pro se*, I recommend that he be granted an opportunity to file an
amended complaint.

Any amended complaint, however, must conform to the pleading requirements of
the Federal Rules of Civil Procedure, and must clearly set out the claims he is asserting
and the factual allegations upon which those claims are based.

IV.    **Williams' Motions to Transfer Venue Should be Denied**

In light of my recommendation that this action be dismissed, Williams' motions
to transfer venue (Doc. 3, 6) may be denied as moot.  I note, however, that Williams
presents no basis to conclude at this time that transfer is appropriate.

Section 1319 of Title 28, United States Code, provides that a civil action may be
filed in:

(1) a judicial district in which any defendant resides, if all defendants are
residents of the State in which the district is located; (2) a judicial district in
which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1319(b).

Notwithstanding the language of section 1319, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

According to the Complaint, the majority of the named defendants are situated within this district, while others are located in Tallahassee, Florida; Clinton, Iowa; and Kent, Ohio.  (Doc. 1 at 2-4).  Further, it appears from the Plaintiff's allegations that a substantial part the events or omissions giving rise to his claims occurred within this district.  Because venue appears to be proper in this district under section 1319(b)(2), all of the parties would need to consent to a transfer to another district.  The Court, however, has not yet ordered service on the Defendants in this case, and no consent appears in the record.

Nonetheless, to the extent that the Plaintiff wishes to attempt to proceed in an alternate venue, he may file a notice of voluntary dismissal in this case and initiate a new action elsewhere.[2]

---

[2] I caution the Plaintiff, however, that his case may be transferred back to this Court.  I also caution him that, no matter where he pursues this action, he must comply with the Federal Rules of Civil Procedure, the federal statutes, and the venue rules, and must properly state a valid claim within the court's jurisdiction.

**CONCLUSION**

For these reasons outlined above, I recommend that the Court:

1)      Deny the Plaintiff's Application (Doc. 2) without prejudice;

2)      Dismiss the Complaint (Doc. 1) without prejudice;

3)      Deny the Plaintiff's motions to transfer venue (Docs. 3, 6);

3)      Grant the Plaintiff permission to file within twenty (20) days of the Court's Order: (a) an amended complaint, which sets forth a cognizable cause(s) of action and conforms to the pleading requirements of the Federal Rules of Civil Procedure; and (b) a renewed motion to proceed *in forma pauperis*; and

4)      Direct that the failure to comply with these requirements may result in a dismissal of this action without further notice.

Respectfully submitted this 17th day of July 2018.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

11

Copies furnished to:
Honorable Steven D. Merryday, Chief United States District Judge
*Pro se* Plaintiff